## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BRITTANY WILLIAMS,

      Plaintiff,

v.                                                                          Case No. 8:23-cv-1264-WFJ-TGW

DATZ RESTAURANT,

      Defendant.

_____/

## <u>ORDER</u>

*Pro se* Plaintiff Brittany Williams, a pretrial detainee at the Pinellas County Jail, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Ms. Williams alleges that she began working at Datz Restaurant in April 2019. (*Id.* at 3). At some point, she told her supervisor she was pregnant, and her work hours were reduced. (*Id.*) Then, in May 2019, Ms. Williams "began to be bullied" after Datz discovered that she "owe[d] child support." (*Id.* at 3, 9). One month later, Ms. Williams was terminated "after showing up to work early one day." (*Id.* at 3). Based on these allegations, Ms. Williams sues Datz for "cruel and unusual punishment" under the Eighth Amendment, and "pregnancy [and] race discrimination" in violation of the Fourteenth Amendment. (*Id.* at 7). As relief, Ms. Williams seeks $1.5 million in damages. (*Id.* at 9).

Having reviewed the complaint under 28 U.S.C. § 1915(e)(2)(B),[1] the Court concludes that this action must be dismissed. Ms. Williams's claims arise under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed *by a person acting under color of state law*." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Ms. Williams alleges no facts to show that Datz, a private employer, acted under color of state law. As this Court previously explained to Ms. Williams, the allegation that a private employer followed Florida's at-will employment law is insufficient to show state action. *Williams v. Home Advantage Humana*, No. 8:23-cv-980-CEH-AAS, Doc. 5 at 2 n.2 (M.D. Fla. May 31, 2023). Accordingly, the Eighth and Fourteenth Amendment claims must be dismissed.

Ms. Williams's complaint could be liberally construed to raise claims for race and pregnancy discrimination under Title VII of the Civil Rights Act of 1964. *See Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) ("A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed."). But even if Ms. Williams intended to raise such claims, they would be subject to dismissal for

---

[1] The Court construes Ms. Williams's failure to pay the filing fee as a request to proceed *in forma pauperis*. A prisoner who is allowed to proceed *in forma pauperis* in this Court will have her complaint screened under 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the Court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

failure to allege exhaustion of administrative remedies. "Before instituting a Title VII action in federal district court, a private plaintiff must file an [Equal Employment Opportunity Commission ("EEOC")] complaint against the discriminating party and receive statutory notice from the EEOC of [] her right to sue the respondent named in the charge." *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996). Ms. Williams does not allege that she filed a complaint with the EEOC, nor does she claim that she received a right-to-sue letter before bringing this lawsuit. Thus, any Title VII claims she seeks to assert in this action must be dismissed without prejudice. *See Burnett v. City of Jacksonville, FL*, 376 F. App'x 905, 907 (11th Cir. 2010) (affirming dismissal without prejudice of *pro se* plaintiff's Title VII lawsuit because, "[e]ven construing her complaint liberally, [she] did not generally allege that she exhausted her administrative remedies").

Accordingly, it is **ORDERED** that:

1. Ms. Williams's claims under the Eighth and Fourteenth Amendments are **DISMISSED** for failure to state a claim upon which relief may be granted.

2. To the extent that Ms. Williams seeks to assert Title VII claims based on race and pregnancy discrimination, such claims are **DISMISSED WITHOUT PREJUDICE**. Ms. Williams may reassert the Title VII claims in a new lawsuit if she can show that she has complied with Title VII's exhaustion requirements.

3. The Clerk is directed to enter judgment against Ms. Williams, terminate any pending motions as moot, and close this case.

**DONE** and **ORDERED** in Tampa, Florida, on June 9, 2023.

- 4 -

_____

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**